UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL E. BOYD,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>GMAC MORTGAGE LLC; MORTGAGE ELECTRINIC REGISTRATION SYSTEMS, INC.,<br><br>　　　　　Defendants. | Case No.: C 11-5018 PSG<br><br>**ORDER DENYING PLAINTIFF'S PETITION TO TRANSFER TO BANKRUPTCY COURT**<br><br>**(Re: Docket Nos. 36, 48)** |

　　　　In this action to quiet title and prevent the non-judicial foreclosure of his two properties, pro se Plaintiff Michael Boyd ("Boyd") petitions the court to transfer the case to the bankruptcy division. On November 8, 2011, Boyd filed for a temporary restraining order or preliminary injunction against Defendants GMAC Mortgage, LLC ("GMAC") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants"). In their response, Defendants concurrently moved to dismiss Boyd's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

1

Case No.: 11-5018 PSG
ORDER

On December 5, 2011, the court denied Boyd's motion for a TRO or preliminary injunction and granted Defendants' motion to dismiss.[1] The court also granted Boyd leave to amend his complaint by no later than December 27, 2011. Boyd did not file an amended complaint. Instead, on December 12, 2011, Boyd filed for Chapter 13 bankruptcy in this district. On December 19, 2011, Boyd filed a "notice of removal" of this case to the United States Bankruptcy Court Northern District of California.[2] On January 3, 2012, the parties appeared for a case management conference and the court invited briefing on Boyd's notice of removal and set the matter for hearing. Having considered the responsive briefing, arguments of both parties, and governing law, the court finds as follows.

## I. NOTICE OF REMOVAL IS PROPERLY CONSTRUED AS A MOTION TO TRANSFER

It is appropriate to construe Boyd's notice of removal as a petition to transfer or refer this case to the bankruptcy division. Boyd relies on Fed. R. Bankr. P. 9027(a) and 28 U.S.C. § 1446(a) as authority for removing the case. Neither of these forms the proper basis for removal to bankruptcy court in this district.

Section 1446 governs the removal of civil actions from a state court to federal court in the appropriate geographic district, and does not apply here.[3] Bankruptcy Rule 9027 provides that "[r]emoval of the [already pending] claim or cause of action is effected on such filing of a copy of the notice of removal. The parties shall proceed no further in that court unless and until the claim or cause of action is remanded."[4] However, this presupposes that the removal is proper in the first instance.[5] The statutory authority to which the court looks for removal authority is 28 U.S.C. §

---

[1] Docket No. 32 (Order Granting Defendants' Motion to Dismiss and Denying Plaintiff's Motion for Preliminary Injunction).

[2] Docket No. 36. The court is informed that as a result of Boyd's notice of removal, an adversary proceeding is now pending before Judge Johnson.

[3] *See* 28 U.S.C. § 1446(a) ("A defendant … desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal.").

[4] Fed. R. Bankr. P. 9027(c).

[5] *See Del Campo v. Am. Corrective Counseling Serv.*, No. C 01-21151 JW, 2009 WL 656282, at *2 (N.D. Cal. Mar. 12, 2009) (noting the general rule that the court from which the action was removed

2
Case No.: 11-5018 PSG
ORDER

1452, governing the removal of claims in a civil action to bankruptcy. Section 1452 provides in relevant part for a party to "remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."[6]

Courts in this circuit have held that under 28 U.S.C. § 1452, a civil action pending in the district court cannot be removed to bankruptcy court in the same district.[7] "It violates the plain language of 28 U.S.C. § 1452 to say that an action can be removed 'to district court' when it is already pending in district court, because the words 'to district court' by necessity involve the concept of bringing the action to district court from some other forum."[8] On this basis, Boyd's "notice of removal" is construed properly as a petition to transfer or refer this action to the bankruptcy court where his Chapter 13 bankruptcy is pending.[9]

## II. TRANSFER TO BANKRUPTCY DOES NOT FURTHER JUDICIAL ECONOMY

Pursuant to 28 U.S.C. § 157(a), the district court may refer a case over which it has jurisdiction under 28 U.S.C. § 1334 to the bankruptcy court within the same district. The standard for referral under Section 157(a) is if the case arises under Title 11 of the United States Code or "is

---

pursuant to Fed. R. Bankr. P. 9027 no longer has jurisdiction prevents only "a *state* court from taking action concerning the removed claims") (emphasis in original) (citing *In re Princess Louise Corp.*, 77 B.R. 766, 788 (Bankr. C.D. Cal. 1987)).

[6] 28 U.S.C. § 1452(a).

[7] *See, e.g.*, *Del Campo*, 2009 WL 656282, at *2; *LFP LP LLC v. Midway Venture LLC*, No. SACV 10-1546 DOC (MLGx), 2010 WL 4395401, at *1 (C.D. Cal. Oct. 29, 2010) (holding that purported "notice of removal" to bankruptcy has no practical effect because the "bankruptcy court and [the] district court are courts within the same judicial district"); *In re Mitchell*, 206 B.R. 204, 209-212 (Bankr. C.D. Cal. 1997) (holding that removal of the lawsuit to the same United States District Court where that lawsuit was already pending is not allowed by 28 U.S.C. § 1452).

[8] *In re Mitchell*, 206 B.R. at 209.

[9] *See id.* at 210 ("[T]he proper procedure for a party to use to request a district court to transfer a lawsuit pending in that district court to a bankruptcy judge of the same district is for the party seeking the transfer to move the district court to refer that lawsuit to the bankruptcy court for further handling, if there is some reason why it would make sense to have the bankruptcy court take over further handling of the lawsuit from the district court.") (citing *Thomas Steel Corp. v. Bethlehem Rebar Inds.*, 101 B.R. 16, 19 (Bankr. N.D. Ill. 1989); *In re Watson-Mahaney, Inc.*, 70 B.R. 578, 581 (Bankr. N.D. Ill. 1987); *Case Mgmt. Manual for United States Bankruptcy Judges* Ch. II, Sec. D1 at 34 (1995)).

3
Case No.: 11-5018 PSG
ORDER

related to a case under title 11."[10] General Order No. 24 of the Northern District of California implements Section 157 by providing for referral to the bankruptcy division of all such matters.[11] Where the action in the district court constitutes a related, non-core matter under the Bankruptcy Code, the court may refrain from granting the referral in order to promote efficiency and avoid the duplication of judicial resources.[12]

Under the circumstances of this case, the court is not persuaded that a transfer of Boyd's claims in this action is in the interest of judicial economy. Boyd's quiet title, wrongful foreclosure, and unconscionability claims arise under state common law. They appear to fall outside of the statutory definition of "core proceedings" under 28 U.S.C. § 157(b)(2)(A) and within the class of "state common law [claims] between two private parties" that the Supreme Court in *Stern v. Marshall* ruled must be finally adjudicated by the district court.[13] As such, a referral to bankruptcy would result in a duplication of judicial resources whereby the bankruptcy court first would submit its proposed findings of fact and conclusions of law to the district court, and the district court then would review *de novo* the bankruptcy court's conclusions and enter a final order or judgment.[14]

---

[10] *See* 28 U.S.C. § 157(a).

[11] *See* Gen. Order No. 24 (N.D. Cal. May 20, 1985).

[12] *See Donato v. Metropolitan Life Ins. Co.*, 230 B.R. 418, 426 (N.D. Cal. 1999). The logic behind the court's consideration of a motion to transfer to bankruptcy is similar to that behind the district court's consideration of withdrawing from bankruptcy a matter that had been previously referred. Under 28 U.S.C. § 157(d), the district court may, sua sponte or on motion of any party, withdraw a case or proceeding, in whole or in part, for cause shown. Appropriate factors for the district court to consider include "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002) (citations omitted).

[13] *See* --- U.S. ---. 131 S. Ct. 2594, 2614-15, 2618 (2011) (holding that even where a counterclaim based in state common law falls within the statutory definition of a "core proceeding," "the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process").

[14] *See* 28 U.S.C. § 157(c)(1). The court notes that to the extent a similar question exists as to the undersigned's authority to enter judgment on Boyd's state law claims, the Fifth Circuit has affirmed that a magistrate judge may exercise such authority. *See Technical Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, --- F.3d ---, 2012 WL 688520, at *5 (5th Cir. Mar. 5, 2012) (holding that *Stern v. Marshall* does not, *sub silentio*, require overruling circuit precedent that magistrate judges have the constitutional authority to enter final judgments on state-law counterclaims).

Moreover, the bankruptcy court requires the consent of all parties in order to conduct a jury trial on a proceeding that otherwise may be heard in the bankruptcy court.[15] Neither side here has waived its right to a jury trial,[16] and Defendants make explicit that they "do not consent to a jury trial in bankruptcy court."[17] This means that even if the bankruptcy court determined it appropriate to enter final orders on the merits of Boyd's claims, a duplication of judicial resources would result to the extent that after resolving all dispositive, pre-trial issues, the bankruptcy court would have to certify the matter to the district court, with a report of the status of the proceeding in bankruptcy, in order for the action ultimately to proceed to jury trial.[18]

Finally, having issued a ruling on Boyd's motion for a preliminary injunction and Defendants' motion to dismiss, this court is already familiar with the facts of the case. For these reasons, the court finds that a referral to the bankruptcy court does not promote judicial economy or otherwise assist with the efficient resolution of Boyd's claims in this matter. Accordingly, the court DENIES the motion to transfer this matter to bankruptcy.[19]

### III. CONCLUSION

Having determined that this matter shall proceed before the district court, Boyd is not relieved of the court's earlier order setting a deadline for the filing of an amended complaint.[20] In

---

[15] *See* 28 U.S.C. § 157(e) ("If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court *and with the express consent of all the parties*.") (emphasis added). *See also* Bankr. L.R. 9015-2(c) (specially designating the bankruptcy courts of this district to conduct jury trials pursuant to 28 U.S.C. § 157(e) "if all parties expressly consent to a jury trial before the Bankruptcy Judge"); *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990) ("[W]here a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate.") (citations omitted).

[16] Boyd's complaint demands a trial by jury. *See* Docket No. 1 at 1 (Compl.).

[17] Docket No. 42 at 4 (Defs.'s Opp'n to Pl.'s Petition to Transfer).

[18] *See* Bankr. L.R. 9015-2(b).

[19] The court further notes for the record that the adversary proceeding in the United States Bankruptcy Court for the Northern District of California, Case No. 11-61311-SLJ, initiated by Boyd's notice of removal, recently was dismissed on similar grounds. *See* Docket No. 49 (Statement of Recent Decision re Pl.'s Petition to Transfer Case), Ex. 1.

[20] *See LFP LP LLC*, 2010 WL 4395401, at *2.

5
Case No.: 11-5018 PSG
ORDER

light of Boyd's pro se status and the time spent in resolving the present matter, the court will grant Boyd relief from that deadline. Boyd shall file any amended complaint no later than May 22, 2012.

**IT IS SO ORDERED.**

Dated: 4/24/2012

PAUL S. GREWAL
United States Magistrate Judge

6

Case No.: 11-5018 PSG
ORDER